UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| EUGENE EDWARD TRACY,<br><br>                  Plaintiff,<br><br>    vs.<br><br>DAWN ELSHERE, Circuit Court Judge, in her individual and official capacity, DAVE ERICKSON, Chief of Police, City of Brookings Police Department, in his individual and official capacity, SETH BONNEMA, Officer at Brookings County Jail, in his individual and official capacity, HEDI SCHULTZ, Sanford Health RN, in her individual and official capacity, SEAN DOREMUS, Police Officer for Brookings County Police Department, BROOKINGS POLICE DEPARTMENT, and SANFORD HEALTH HOSPITAL,<br><br>                  Defendants. | 4:21-CV-04049-KES<br><br>1915A SCREENING ORDER FOR SERVICE IN PART AND DISMISSAL IN PART |

Plaintiff, Eugene Edward Tracy, filed a prisoner pro se civil rights lawsuit. Docket 1. This court granted Tracy leave to proceed in forma pauperis but required him to pay an initial partial filing fee. Docket 6. Tracy timely paid his fee on May 27, 2021. This court will now screen Tracy's complaint under 28 U.S.C. § 1915A.

**I.       Factual Background**

The facts alleged in Tracy's complaint are: that on February 19, 2020, Officer Seth Bonnema "signed a search warrant affidavit for [Tracy's] blood at 9:32 p.m. . . . ." Docket 1-1 at 1. At 10:43 p.m., Tracy's blood was drawn by Nurse Hedi Schultz at Sanford Health Hospital without a signed search warrant and without Tracy's consent. *Id.*; Docket 1 at 6. Tracy claims that he told Officer Sean Doremus and Officer Bonnema that he did not consent to the blood draw and that Officer Doremus had to hold him down while his blood was "forcefully" taken. Docket 1 at 6. Schultz allegedly "stabbed [Tracy] multiple times" with the needle and she had to try multiple times before the blood draw was successful. *Id.*

The search warrant was signed and issued the next day on February 20, 2020, by South Dakota Third Circuit Court Judge Dawn Elshere. Docket 1-1 at 1. Tracy claims that he has scars from the blood draw and that he suffers from Post-Traumatic Stress Disorder and Depression because of the occurrence. Docket 1 at 6. He seeks over 8 million dollars in damages. *Id.* Tracy's defense attorney, Jared Gass, moved to suppress the results of the blood test and claimed the blood draw was a violation of Tracy's Fourth Amendment right to be free from an unreasonable search. Docket 1-1 at 1. Tracy was charged and convicted in state court on one count of Ingestion of a Controlled Substance. Docket 1 at 6.

2

## II. Legal Standard

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555; *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they

"[are] (1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

### III.   Legal Analysis

#### A.   Claim against Brookings Police Department

Tracy names the Brookings Police Department as a defendant but the Eighth Circuit has held that entities such as the police departments "are not juridical entities suable" under § 1983. *Ketchum v. City of W. Memphis, Ark,* 974 F.2d 81, 82 (8th Cir. 1992). Tracy's claim against the Brookings Police Department is dismissed under 28 U.S.C. §§ 1915(e)(B)(i-ii) and 1915A(b)(1).

#### B.   Claim against Judge Dawn Elshere

Tracy names South Dakota Third Circuit Court Judge Dawn Elshere as a defendant. Docket 1 at 2. Judge Elshere allegedly signed the search warrant on February 20, 2020. Docket 1-1 at 1. Judges are generally immune from suit if the judge had jurisdiction over the party. *See Stump v. Sparkman,* 435 U.S. 349, 356 (1978) ("[T]he necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him."). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' " *Id.* at 356-57 (quoting *Bradley v. Fisher,* 80 U.S. 335, 351 (1871)).

Judges are immune from suit with two narrow exceptions. *See Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)).

These exceptions do not apply here. Judge Elshere had jurisdiction over Tracy when she signed the search warrant, and her actions were taken within her judicial capacity. Thus, Tracy's claim against Judge Elshere is dismissed under 28 U.S.C. §§ 1915(e)(B)(i-ii) and 1915A(b)(1).

### C. Claim against Dave Erickson

Dave Erickson is the Chief of Police for the Brookings Police Department. Docket 1 at 2. Only state actors whose personal conduct caused the deprivation of a federal right are liable under § 1983. *Pulaski Cnty. Republican Comm. v. Pulaski Cnty. Bd. of Election Comm'rs.*, 956 F.2d 172, 174 (8th Cir. 1992) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). Section "1983 liability requires personal involvement in or direct responsibility for actions resulting in [the] violation." *Carter v. Hassell*, 316 F. App'x 525, 525 (8th Cir. 2008) (citing *Martin*, 780 F.2d at 1338); *see also Marchant v. City of Little Rock, Ark.*, 741 F.2d 201, 204 (8th Cir. 1984) (dismissing a claim because the individual "had no knowledge of or connection to" the alleged violation).

Tracy's complaint does not contain facts to support that Erickson was personally involved in the alleged violation. *See* Docket 1.

In the section 1983 context, supervisor liability is limited. *See White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994). A supervisor cannot be held liable, on a theory of respondeat superior, for an employee's unconstitutional actions. *Id.* A supervisor incurs liability when he or she is "personally involved in the violation or when the supervisor's corrective inaction constitutes deliberate indifference toward the violation." *Ottman v. City of Independence, Mo.*, 341 F.3d 751, 761 (8th Cir. 2003) (citing *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993)). "The supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what [he or she] might see." *Id.* (alteration in original) (quoting *Ripson v. Alles*, 21 F.3d 805, 809 (8th Cir. 1994)). Because Tracy does not allege facts to show that Erickson was personally involved or that supervisory liability was implicated, his claim against Erickson is dismissed under 28 U.S.C. §§ 1915(e)(B)(i-ii) and 1915A(b)(1).

### D. Claims against Hedi Schultz, Sean Doremus, and Seth Bonnema

Tracy claims that his blood was drawn without his consent and without a search warrant. Docket 1 at 6. The Fourth Amendment protects against "unreasonable searches and seizures[.]" U.S. Const. amend. IV. "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment[.]" *Katz v. United States*, 389 U.S. 347, 357 (1967).[1] "Police may conduct a warrantless

---

[1] The *Heck* doctrine does not categorically bar a Fourth Amendment unlawful search or seizure claim because the claim does "not necessarily imply the

6

search by requiring an individual to submit to a blood test where they have probable cause to do so and exigent circumstances exist." *United States v. Eagle*, 498 F.3d 885, 892 (8th Cir. 2007) (citing *Schmerber v. California*, 384 U.S. 757, 769-71 (1966)). "Probable cause exists 'where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found.' " *Id.* (quoting *Ornelas v. United States*, 517 U.S. 690, 696 (1996)). The risk of destruction of evidence can be an exigent circumstance. *Id.* (citing *Schmerber*, 384 U.S. at 770-71).

    Here, there is nothing in the record to support that the officers had probable cause and exigent circumstances to conduct a warrantless blood draw on Tracy. Tracy alleges that Schultz, Doremus, and Bonnema were all personally involved in the alleged violation. Docket 1 at 6, 9. Thus, Tracy has alleged sufficient facts to support a Fourth Amendment unreasonable search claim against Schultz,[2] Doremus, and Bonnema in their individual capacities to survive screening under § 1915A.

---

invalidity of [the plaintiff's] conviction." *Collins v. Bruns*, 195 F. App'x 533, 535 (8th Cir. 2006); *Heck v. Humphrey*, 512 U.S. 477, 487 n.7 (1994) (noting that because "doctrines like independent source and inevitable discovery, and especially harmless error, such as a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful.") (internal citations omitted).

[2] This court does not rule on whether Schultz is considered to be a person acting under color of state law for purposes of 42 U.S.C. § 1983. This question of law will be addressed at a later date.

But the claim against Doremus and Bonnema in their official capacities is dismissed. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Doremus and Bonnema are employed by the Brookings Police Department. Docket 1 at 3, 5. Tracy's official capacity claims against Doremus and Bonnema are, in effect, against the City of Brookings. A municipal government may only be sued "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. *Monell v. Dept. of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). Because Tracy has not alleged facts that would support a claim that the City of Brookings has executed an unconstitutional policy or custom, his claims against Doremus and Bonnema, in their official capacity, are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

### E. Claim against Sanford Health Hospital

Tracy names Sanford Health Hospital (Hospital) as a defendant. Docket 1 at 3. Section 1983 imposes liability for "[e]very person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." 42 U.S.C. § 1983. Tracy presents no allegation in his complaint accusing the Hospital of a constitutional violation but merely asserts that the alleged unconstitutional search occurred

8

at the Hospital. Docket 1 at 5. When a complaint does not allege facts against a named defendant, the defendant can be dismissed. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (dismissal was proper of two defendants who were named as defendants in the complaint, but who had no factual allegations made against them); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (dismissal was proper of defendants who were merely listed in the complaint, and who were not alleged to have been personally involved in the constitutional violations).

Tracy has not asserted facts to support that the Hospital had any specific involvement in the alleged violation. Further, this court questions whether the Hospital is considered a "person" in order to impose § 1983 liability. For these reasons, the claim against the Hospital is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

Thus, it is ORDERED:

1. That Tracy's claims against Brookings Police Department, Judge Dawn Elshere, Dave Erickson, and Sanford Health Hospital are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

2. That Tracy's Fourth Amendment unreasonable search claim against Schultz, Doremus, and Bonnema in their personal capacities survives 28 U.S.C. § 1915A review. Claims against Doremus and Bonnema in their official capacities are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

3. That the Clerk shall send blank summons forms and Marshal

Service Form (Form USM-285) to Tracy so that he may cause the complaint to be served upon Schultz, Doremus, and Bonnema.

4. That Tracy shall complete and send the Clerk of Courts a separate summons and USM-285 form for each defendant. Upon receipt of the completed summons and USM-285 forms, the Clerk of Court will issue the summons. If the completed summons and USM-285 form are not submitted as directed, the complaint may be dismissed.

5. The United States Marshal Service shall serve the completed summonses, together with a copy of the complaint (Docket 1) and this order, upon the defendants.

6. Defendants will serve and file an answer or responsive pleading to the complaint on or before 21 days following the date of service or 60 days if the defendants fall under Fed. R. Civ. P. 12(a)(2) or (3).

7. Tracy will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated June 7, 2021.

                BY THE COURT:

                /s/ *Karen E. Schreier*
                KAREN E. SCHREIER
                UNITED STATES DISTRICT JUDGE